# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOVAN MIGUEL BATTLE, | ) | |
| #Y-12714, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-00798-MJR |
| | ) | |
| WARDEN KINK, | ) | |
| COUNSELOR CAMP, | ) | |
| COUNSELOR INBOLDEN, | ) | |
| CURTIS, | ) | |
| HORTON, | ) | |
| MR. GAINS, | ) | |
| DR. BROOKHEART, | ) | |
| ILLINOIS STATE POLICE, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| PAROLE RE-ENTRY GROUP, | ) | |
| FIELD SERVICES DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jovan Battle is currently incarcerated at Lawrence Correctional Center ("Lawrence"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Lawrence and the Illinois Department of Corrections ("IDOC") who allegedly failed to assist him in locating a suitable host site for his release on parole. (Doc. 1). Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), in which he requested permission to proceed without prepayment of the $400.00 filing fee for this action. (Doc. 2). In support of his IFP application, Plaintiff disclosed income of $10.00 per month in state pay and restrictions in the amount of $1,245.29 on his trust fund account. (Doc. 2, pp. 1-3). His response to all other questions in the IFP application was "N/A." (Doc. 2, pp. 1-2).

Conspicuously absent from the application was a $5,000.00 settlement Plaintiff received on October 17, 2017. *See Battle v. Smoot*, No. 17-cv-1165-MJR (S.D. Ill.) ("prior case") (Doc. 2). He disclosed the settlement in another IFP application that he submitted to the Court on October 26, 2017. *See id*. There, Plaintiff indicated that he held $4,750.00 in a separate bank account. (Doc. 2, p. 2, prior case). Plaintiff did not disclose this asset in the IFP application he filed in this case on April 6, 2018. (Doc. 2).

The Court denied Plaintiff's request for IFP and ordered him to prepay the full $400.00 filing fee for this action no later than June 22, 2018. (Doc. 7). In addition, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to disclose the settlement. *Id*. Plaintiff was warned that failure to pay the entire fee and to show cause by the deadline would result in dismissal of this action. *Id*. (citing FED. R. CIV. P. 41(b)). The deadline for responding to the Order was June 22, 2018. *Id*. That deadline has now passed.

Plaintiff has not satisfied the Order to Show Cause. In response to the Order, Plaintiff filed a letter on June 6, 2018. (Doc. 7). In it, he asks this Court to find that his failure to disclose the $5,000.00 settlement was nothing more than "excusable neglect." (Doc. 7, p. 1). However, he offers no reason why the Court should make this finding. *Id*. Plaintiff instead provides several batches of recent trust fund statements showing additional restrictions on his trust fund account. (*See, e.g.,* Doc. 7, pp. 21, 31). The statements include information that post-dates his filing of this action and is therefore irrelevant to the Court's analysis of the Order to Show Cause (or to his IFP application). *Id*. Plaintiff offers no other reason for omitting the settlement from his IFP application. *Id*. He also makes no effort to correct the omission, either by submitting a revised IFP application that discloses the asset or a written statement regarding its current whereabouts. *Id*. Under the circumstance, the Court cannot find that Plaintiff's omission is

anything but knowing and intentional. The Court will not tolerate Plaintiff's ongoing attempts to defraud the Court when requesting leave to proceed IFP. This case shall be dismissed with prejudice.

Even if Plaintiff had satisfied the Order to Show Cause, this case would still be dismissed because he failed to pay the $400.00 filing fee by the court-imposed deadline. He "struck out" before commencing this action by filing three or more suits that were dismissed under 28 U.S.C. § 1915(g) for being frivolous, malicious, or for failure to state a claim. *See, e.g., Battle v. Cook Cnty. Facility*, No. 12-3962 (N.D. Ill., dismissed July 6, 2012); *Battle v. Cook Cnty. Warden*, No. 13-7778 (N.D. Ill., dismissed Nov. 14, 2013); *Battle v. Garza*, No. 17-4028 (C.D. Ill., dismissed April 3, 2017); *Battle v. Wheat*, No. 17-4075 (C.D. Ill., dismissed May 18, 2017); *Battle v. Wheat*, No. 17-4088 (C.D. Ill., dismissed Dec. 12, 2017). Under the circumstances, he is ineligible to proceed IFP in this case, unless his Complaint demonstrates that Plaintiff faces imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Complaint suggests no such thing. Plaintiff's failure to pay any portion of his filing fee by the deadline of June 22, 2018, provides an independent basis for dismissing this action for violation of the Order (Doc. 7) dated May 23, 2018. *See* FED. R. CIV. P. 41(b). For each of these reasons, the action shall be dismissed with prejudice.

Further, Plaintiff remains obligated to pay the $400.00 filing fee for this case, and, until he pays this and other outstanding district and appellate court filing fees, he is subject to a filing restriction. *See Battle v. State of Illinois*, App. No. 18-1828 (7th Cir., entered June 7, 2018). On June 7, 2018, the Seventh Circuit entered an Order prohibiting Plaintiff from pursuing further litigation until he pays all of his outstanding filing fees:

> Unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. *See Newlin*, 123 F.3d at 436-37. Accordingly, until Battle

has paid in full all outstanding fees in the district court and in this court, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Battle. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37, and *Support Systems Int'l v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).

*Id*. Plaintiff incurred the obligation to pay the $400.00 filing and docketing fees for this case on the date he filed the action, and he has paid nothing toward this obligation to date. The filing restriction includes the fees he incurred in this case.

Having failed to satisfy the Order to Show Cause or to prepay the full $400.00 filing fee for this action, the Court shall dismiss this case with prejudice for failure to comply with the Order dated May 23, 2018. (Doc. 7).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with this Court's Order to pay the filing fee for this action or satisfy the Order to Show Cause. (Doc. 7). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall <u>not</u> count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the

appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Further, because he has "struck out" and has not demonstrated imminent danger of serious physical injury, Plaintiff's request for IFP status on appeal will be denied by this Court, if he does choose to appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 2, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**